**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Courthouse News Service,

Plaintiff,

vs.

Jeff Shorba, et al.,

Defendants.

Case No. 23-cv-2198 (DWF-DJF)

**ANSWER**

For their Answer to Plaintiff's Complaint, Defendants Jeff Shorba ("Shorba"), Heather Kendall ("Kendall"), and Sara Gonsalves ("Gonsalves"; collectively, "Defendants") state as follows.

Except as expressly admitted, qualified, denied, or otherwise answered hereinafter, Defendants denies each and every allegation in the Complaint.

1. State and federal courts across the country have historically made new civil lawsuits available to the press and public as the court received them. Eighth Circuit Judge Bobby Shepherd recently described this traditional access during oral arguments in *Courthouse News Serv. V. Gilmer et al*. (8th Cir. No. 21-2632), a case involving the same issues as here: "There was a time when—and some in this room may remember it—when you took a pleading to the courthouse and the clerk stamped it physically and it went into different bins and it was available immediately."

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1 of the Complaint, and on that basis, deny them. Answering the second sentence of paragraph 2 of the

Complaint, Defendants state that the judicial opinion cited therein speaks for itself, and deny the allegations to the extent inconsistent therewith.

2. Traditional access was the norm in Minnesota. Journalists and the public could review new complaints filed in Hennepin County District Court at the filing counter on the second floor of the Hennepin County Government Center and journalists could also review them up one floor in the docketing area, where the new complaints were stacked on a small cart. The same was also true in Ramsey County District Court, where journalists reviewed the new complaints behind the counter as they were received.

**ANSWER:** The first sentence of paragraph 2 of the Complaint contains argument of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny the first sentence of paragraph 2 of the Complaint on grounds that the phrase "traditional access" is vague and undefined. Answering the second and third sentences of paragraph 2 of the Complaint, Defendants admit only that members of the media were previously able to review paper copies of civil filings onsite at the Hennepin County Government Center and the Ramsey County District Court. Defendants deny all remaining allegations in paragraph 2 of the Complaint.

3. In the transition from paper filing to electronic filing ("e-filing"), federal courts and many state courts kept the tradition in place making complaints available as they crossed the virtual intake counter. However, the Minnesota state courts, including Hennepin County District Court and Ramsey County District Court, did not.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 of the Complaint, and on that basis, deny them. Answering the second sentence of paragraph 3 of the Complaint, Defendants admit only that per the Minnesota Supreme Court Order dated

December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams." Defendants deny all remaining allegations in paragraph 3 of the Complaint.

4. Defendants now withhold the e-filed civil complaints until court staff have finished a series of administrative steps commonly referred to as "processing." As a result, all newly e-filed civil complaints are effectively sealed upon receipt, with access commonly withheld for one to three days after filing.

**ANSWER:** Answering the first sentence of paragraph 4 of the Complaint, Defendants admit only that per the Minnesota Supreme Court Order dated December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams." Defendants deny the second sentence of paragraph 4 of the Complaint, and further deny all remaining allegations in paragraph 4 of the Complaint.

5. The First Amendment to the United States Constitution provides the press and public with a qualified right of access to civil complaints. Whether new civil complaints are paper-filed or e-filed, this right of access attaches ***on receipt***, when a new filing is delivered to, or deposited with, the clerk.

**ANSWER:** Answering the first sentence of paragraph 5 of the Complaint, Defendants state that the provisions of the First Amendment speak for themselves, and deny the allegations to the extent inconsistent therewith. The second sentence of paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the second sentence of paragraph 5 of the Complaint, and further deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

6. Policies and practices that restrict access to the new civil complaints are subject to constitutional scrutiny, with Defendants bearing the burden of showing that such policies and practices are essential to preserve an overriding governmental interest and narrowly tailored to serve that interest.

**ANSWER:** Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

7. Courthouse News has a First Amendment right of access to new civil complaints filed with Minnesota state courts. Such access is fundamental and essential to accurate and fair news reporting of civil court actions, and thus, vital to the public's ability to monitor the activities of the judicial branch of government. Any unjustified delays in access result in unconstitutional restrictions of the press's and public's ability to perform that important role.

**ANSWER:** The first sentence of paragraph 7 of the Complaint contains a legal conclusion to which no response is required, and the remaining sentences of paragraph 7 of the Complaint contain arguments of counsel to which no response is required. To the

extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

8. When a complaint is withheld, the news it contains grows stale. The public is left unaware that a civil action has commenced and that a litigant has invoked the power of the judicial branch of government. A delay of even one day means that by the time the complaint can be reported, the news of its filing has already been overtaken by the next days' news and is less likely to ever come to the public's attention.

**ANSWER:** Paragraph 8 of the Complaint contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

9. The restrictions on, and resultant delays in, access experienced by Courthouse News in Hennepin and Ramsey Counties, and throughout Minnesota courts, are the result of Defendants' policies and practices barring access to new e-filed complaints until after they have been administratively processed by court staff. New complaints e-filed into Minnesota's e-filing system sit in an electronic database where they are withheld from public view, often for days, while they await manual processing by court staff.

**ANSWER:** Answering the first sentence of paragraph 9 of the Complaint, Defendants admit only that per the Minnesota Supreme Court Order dated December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams." Defendants deny the second sentence of paragraph 9 of the Complaint, and further deny all remaining allegations in paragraph 9 of the Complaint.

10. Without Defendants' no-access-before-processing policy, there would be no restriction and no delay. The restriction is unnecessary, as demonstrated by the practice of federal and state courts across the country, including this Court, that provide access to new complaints on receipt and before processing. Defendants are capable of providing such access but have chosen not to.

**ANSWER:** Paragraph 10 of the Complaint contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever, deny that restriction is unnecessary, deny that they are capable of providing access but have chosen not to, and state that per the Minnesota Supreme Court Order dated December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams."

11. Courthouse News brings this action to address constitutional wrongs, to challenge the legality of Defendants' policies and practices in the Hennepin County District Court and Ramsey County District Court, and to seek declaratory and injunctive relief prohibiting Defendants from enforcing their policies and practices that result in violations of Courthouse News' constitutional right of access to newly e-filed civil complaints in the Hennepin County District Court and Ramsey County District Court.

**ANSWER:** Answering paragraph 11 of the Complaint, Defendants admit that Plaintiff purports to state a claim under 42 U.S.C. § 1983, but deny that any act or omission occurred that would give rise to such a claim.

12. Courthouse News' claims arise under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 U.S.C. § 1983, *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 2201 (declaratory relief). Defendants are subject to personal jurisdiction in this District.

**ANSWER:** Answering the first sentence of paragraph 12 of the Complaint, Defendants admit that Plaintiff purports to state a claim under 42 U.S.C. § 1983, but deny that any act or omission occurred that would give rise to such a claim. The second and third sentences of paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

13. Venue is proper in this District under 28 U.S.C. § 1391(b), and in this Division, because the headquarters of the Minnesota Judicial Branch and the Hennepin County District Court and the Ramsey County District Court are located in this District, and because a substantial part of the events or omissions giving rise to Courthouse News' claims occurred in this District and in this Division. The First Amendment violations giving rise to this action took place throughout the state of Minnesota, at each of the Minnesota courts.

**ANSWER:** Answering paragraph 13 of the Complaint, Defendants admit that this action is properly venued but deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

14. Courthouse News is a nationwide news service founded almost 30 years ago out of a belief that a great deal of news about civil litigation went unreported by traditional news media, a trend that has only increased in the last decade. Courthouse News now employes approximately 240 people, most of them editors and reporters, covering state and federal trial and appellate courts in all 50 states in the United States.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis, deny them.

15. Defendant Jeff Shorba is the Minnesota State Court Administrator and is named as a defendant herein in that official capacity. Defendant Shorba, in his official capacity as Administrator, is responsible for, among other things, the administration of the statewide e-filing and case management systems used by the Minnesota Courts and public access to court records through those systems, including through any systems licensed from or otherwise provided by third parties.

**ANSWER:** Defendants admit the first sentence of paragraph 15 of the Complaint. Answering the second sentence of paragraph 15 of the Complaint, Defendants admit only that Shorba's responsibilities include planning for statewide Judicial Branch needs, developing and promoting statewide administrative practices and procedures, overseeing the operation of statewide court programs and strategic initiatives, and serving as a liaison with other branches of government. Defendants deny all remaining allegations in paragraph 15 of the Complaint.

16. Defendant Heather Kendall is the Judicial District Administrator for the Second Judicial District, which consists of Ramsey County District Court, and is named as a defendant herein in that official capacity. Defendant Kendall in her official capacity, is responsible for, among other things, the administration of the statewide e-filing system as it pertains to the Second Judicial District, and public access to court records filed with the Second Judicial District.

**ANSWER:** Defendants admit the first sentence of paragraph 16 of the Complaint. Answering the second sentence of paragraph 16 of the Complaint, Defendants admit only that Kendall is responsible for implementing Judicial Branch and district policies, directing

administrative services, supporting district court operations at the county level, representing the Second Judicial District's interests and concerns on Judicial Branch committees and workgroups, and managing annual budgets. Defendants deny all remaining allegations in paragraph 16 of the Complaint.

17. Defendant Sara Gonsalves is the Judicial District Administrator for the Fourth Judicial District, which consists of Hennepin County District Court, and is named as a defendant herein in that official capacity. Defendant Gonsalves in her official capacity is responsible for, among other things, the administration of the statewide e-filing system as it pertains to the Court Judicial District, and public access to court records filed with the Fourth Judicial District.

**ANSWER:** Defendants admit the first sentence of paragraph 17 of the Complaint. Answering the second sentence of paragraph 17 of the Complaint, Defendants admit only that Gonsalves is responsible for implementing Judicial Branch and district policies, directing administrative services, supporting district court operations at the county level, representing the Fourth Judicial District's interests and concerns on Judicial Branch committees and workgroups, and managing annual budgets. Defendants deny all remaining allegations in paragraph 17 of the Complaint.

18. Courthouse News is informed and believes that Defendants are responsible for providing access to new complaints filed in the Hennepin County District Court and the Ramsey County District Court. Acting in their official capacities, Defendants and those acting under their direction and supervision are directly involved with and/or responsible for the delays in access to new complaints experienced by Courthouse News and other members of the press, which acts reflect the official policies and practices of the Defendants' offices.

**ANSWER:** Answering paragraph 18 of the Complaint, Defendants admit only that they are responsible for ensuring compliance with the Minnesota Supreme Court Order dated

December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, which states that "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams." Defendants deny all remaining allegations in paragraph 18 of the Complaint.

19. Defendants' actions, as alleged in this Complaint, are under the color of Minnesota law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:** Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny that any act or omission occurred that would give rise to a claim under 42 U.S.C. § 1983.

20. Defendants are sued in their official capacities only. Courthouse News seeks relief against Defendants as well as their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them or at their direction or under their control.

**ANSWER:** Answering the first sentence of paragraph 20 of the Complaint, Defendants admit that Plaintiff has sued them in their official capacities only, but deny that any act or omission occurred that would give rise to an official-capacity claim against them. Answering the second sentence of paragraph 20 of the Complaint, Defendants state they are the only named defendants in this action and thus the only parties against whom relief may be sought.

21. Courthouse News offers its readers a variety of publications. Its *New Litigation Reports* contain original, staff-written summaries of significant new civil lawsuits, and are sent to subscribers via e-mail each evening.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis, deny them.

22. Among Courthouse News' other publications are a monthly newsletter, the *Entertainment Law Digest*, and the *Daily Brief*, which covers published, nationwide appellate rulings, including all United States Supreme Court and federal circuit decisions and significant rulings from the federal district courts.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis, deny them.

23. Courthouse News also publishes a freely available website, www.courthousenews.com, featuring news reports and commentary, which is read by roughly 30,000 people every weekday. The website functions much like a print daily newspaper, featuring staff-written articles from across the nation that are posted throughout each day and rotated on and off the page on a 24-hour news cycle. On July 17, 2023, for example, the news page carried staff-written stories about Secretary of State Anthony Blinken's campaign to confirm 38 stalled ambassador appointments, an EU offer of $268 million to Tunisia to slow emigration, the start of trial in Michael Cohen's action against the Trump organization, a California Supreme Court ruling in favor of physicians alleging anti-competitive conduct by Aetna, a steep decline in the number of North Atlantic right whales, a heat wave in the West, and Modelo's rise over Bud Light to become America's top-selling beer, among many other stories.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis, deny them.

24. Courthouse News has been credited as the original source of reporting on various topics by a wide range of publications, including: *The Mercury News, ABA Journal,* ABC News, *The Atlantic, Austin American Statesman*, Black Christian News Network, *California Bar Journal,* CBS News, *The Christian Science Monitor,* The Daily Beast, *The Dallas Morning News,* Forbes, Fox News, *The Guardian,* The Hill, *Houston Chronicle*, The Huffington Post, *Long Island Press, Los Angeles Times, Mother Jones,* National Public Radio (NPR), NBC News, *New York Daily News, New York Magazine, The New York Times, The Orange County Register,* Politico, *Rolling Stone, Salt Lake City Tribune, San Antonio Express-News,* Slate, *The Telegraph* (UK), *The Wall Street Journal, The Washington Post, The Washington Times, Women's Health Policy Report,* United Press International (UPI), *USA Today, U.S. News and World Report*, and the YouTube news channel. American, Canadian, and New Zealand radio shows have also interviewed Courthouse News' reporters.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis, deny them.

25. Courthouse News has been credited specifically by numerous Minnesota news agencies and media outlets on a wide range of stories, including bullet-proof backpacks for school children, a Montana city's suit against a local newspaper over the paper's record request, an action against Starbucks over the amount of ice in its coffee drinks, and many more. The media crediting Courthouse News include *Star Tribune*, Minnesota Public Radio, *Pioneer Press*, and Minnesota TV stations affiliated with ABC, CBS, NBC, and Fox.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis, deny them.

26. Courthouse News has more than 2,200 subscribers nationwide, including law firms, law schools, government offices, and news outlets such as: The Associated Press, *The Atlanta Journal Constitution, The Boston Globe,* CNN, *The Dallas Morning News, Detroit Free Press,* International Consortium of Investigative Journalists, Fox Entertainment Group, *Honolulu Civil Beat, Law Vegas Review-Journal, Los Angeles Times,* North Jersey Media Group, *Pacific Coast Business Times, Portland Business*

*Journal, St. Paul Business Journal, The Salt Lake Tribune, The San Jose Mercury News, San Antonio Express News, Tampa Bay Business Journal, The Wall Street Journal,* Variety, Walt Disney Company, and Warner Bros.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis, deny them.

27. Courthouse News subscribers also include educational institutions, including Boston University, Columbia Journalism Investigations, MIT School of Management, Stanford University, University of Chicago, University of Maryland – College of Journalism, University of North Carolina at Chapel Hill, University of Virginia School of Law, and Drake University Law Library.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis, deny them.

28. In Minnesota, Courthouse News covers general civil litigation, focusing on actions brought against business entities and public institutions. This reporting is included in the Minnesota Report sent to subscribers every weekday evening.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis, deny them.

29. Courthouse News does not report on or seek to review the small number of new civil complaints that are statutorily confidential or otherwise not open to the public, or complaints that are accompanied by a motion to seal. Such complaints are screened away from press and public access by Defendants' e-filing software.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29 of the Complaint,

and on that basis, deny them. Defendants deny the allegations in the second sentence of paragraph 29 of the Complaint.

30. To prepare the Minnesota Report and identify new cases that may warrant a website article, Courthouse News reporters go to the Minnesota Court Records Online ("MCRO") website. However, civil complaints are not available via this platform—or by any other means—until after court staff have completed administrative processing.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 30 of the Complaint, and on that basis, deny them. Answering the second sentence of paragraph 30 of the Complaint, Defendants admit only that per the Minnesota Supreme Court Order dated December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams."

31. Given the nature of the coverage in the *New Litigation Reports* and its other news publications, including its website, any delay in the ability of a reporter to obtain and review new complaints necessarily holds up Courthouse News' reporting of new controversies for subscribers and readers.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis, deny them.

32. For the period January 1, 2023, to March 31, 2023, Courthouse News' tracking shows that Hennepin County District Court withheld roughly half of new civil

complaints for one to three days, and sometimes longer. In like manner, Ramsey County District Court withheld nearly three quarters of new civil complaints for one to three days, and sometimes longer.

**ANSWER:** Defendants deny paragraph 32 of the Complaint and state further that: (1) of the 63,172 civil complaints filed in the Fourth Judicial District between January 1 and March 31, 2023, 84.1% were publicly available within 24 hours and 98.2% were publicly available within 48 hours; and (2) of the 10,472 civil complaints filed in the Second Judicial District between January 1 and March 31, 2023, 98.1% were publicly available within 24 hours and 100% were publicly available within 48 hours.

33. A right of access grounded in the First Amendment applies to non-confidential civil complaints.

**ANSWER:** Paragraph 33 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that the provisions of the First Amendment speak for themselves, and deny the allegations to the extent inconsistent therewith.

34. The analysis of a claim alleging a violation of the First Amendment right of access to court documents involves a two-step process. The first step is to determine whether, as a general matter, there is a First Amendment right of access to a particular court proceeding or document. If the answer to that question is "yes," the court proceeds to the second step, which is to determine if the restrictions on access to that court proceeding or document satisfy Constitutional scrutiny. *See, e.g., Courthouse News Serv. V. Planet,* 947 F.3d at 581, 589-97 (9th Cir. 2020) ("*Planet III")* (discussing and applying two-step process established by *Press Enterprise Co. v. Superior Ct. ("Press-Enterprise II")*, 478 U.S. 1 (1986)).

**ANSWER:** Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that

the judicial opinions cited in Paragraph 34 of the Complaint speak for themselves, and deny the allegations to the extent inconsistent therewith.

35. To answer the question posed by the first step of the analysis, courts in the Eighth Circuit generally apply the *Press-Enterprise II* "experience and logic" test. *Flynt v. Lombardi,* 885 F.3d 508, 512-13 (8th Cir. 2018); *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig*., 9 F.4th 768, 792 (8th Cir. 2021) (discussing test to determine whether there is a First Amendment right of access to a civil court filing). To meet this test, a party must establish "(1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question." *Flynt*, 885 F.3d at 512-13 (citing *Press-Enterprise II* as "setting forth what is now commonly referred to as the 'experience and logic' test for First Amendment access to judicial records.")

**ANSWER:** Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the judicial opinions cited in Paragraph 35 of the Complaint speak for themselves, and deny the allegations to the extent inconsistent therewith.

36. "[T]he federal courts of appeal[] widely agree" that the First Amendment right of access to information reaches civil judicial proceedings and records, and "every circuit court to consider the issue has uniformly concluded that the right applies to both civil and criminal proceedings." *Planet III*, 947 F.3d. at 590 (citing *Dhiab v. Trump*, 852 F.3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring in part and concurring in the judgment) (collecting cases)). This right of access applies specifically to civil complaints.

**ANSWER:** Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the judicial opinions cited in Paragraph 36 of the Complaint speak for themselves, and deny the allegations to the extent inconsistent therewith.

37. Applying the "experience and logic" test, courts across the nation have recognized the existence of a qualified First Amendment right of access that attaches to

non-confidential civil complaints upon their receipt by a court. *See, e.g., Planet III*, 947 F.3d at 591 ("Both sides before us agree that experience and logic support a public right of access to newly filed civil complaints"); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir 2016) ("Experience and logic both support access" to civil complaints); *Courthouse News Serv. V. New Mexico Admin. Off. Of the Cts.,* 53 F.4th 1245, 1262 (10th Cir. 2022) ("[T]he First Amendment right of access attaches to complaints when the court receives them, regardless of the technical terms and clerical processes used by the court."]; *Courthouse News Serv. V. Schaefer*, 440 F. Supp. 3d 532, 557-559 (E.D. Va. 2020) ("[T]he Court finds that the experience and logic test is satisfied and finds that the public and press enjoy a qualified First Amendment right of access to newly-filed civil complaint."); *Courthouse News Serv. V. Gabel*, 2021 WL 5416650, at *13 (D. Vt. Nov. 19, 2021) ("A qualified First Amendment right of access attaches when a complaint is electronically filed.")

**ANSWER:** Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the judicial opinions cited in Paragraph 37 of the Complaint speak for themselves, and deny the allegations to the extent inconsistent therewith.

38. "There is no dispute that, historically, courts have openly provided the press and general public with access to civil complaints." *Schaefer*, 440 F. Supp. 3d at 557; *accord Bernstein,* 814 F.3d at 141 ("Complaints have historically been publicly accessible by default….")

**ANSWER:** Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the judicial opinions quoted in Paragraph 38 of the Complaint speak for themselves, and deny the allegations to the extent inconsistent therewith.

39. A new complaint serves as the opening bell in a legal dispute. In recognition of the media's traditional role as a surrogate observer for the general public as to what is happening in the courts, it has been a long-standing tradition for courts to provide reporters—especially those who visit the courts daily—with access to new civil complaints upon receipt for filing and before administrative processing. This ensures that interested

members of the public learn about new cases contemporaneously with their filing, while those cases are still newsworthy and likely to be the subject of public attention and discussion.

**ANSWER:** Paragraph 39 of the Complaint contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

40. Historically, reporters covering the courts could review and report on newly-filed cases which generally occurred upon the court's receipt of a new complaint and before the clerk's office performed the additional administrative tasks that follow the receipt of a new complaint—a process that was traditionally called "docketing" but in recent years, especially as courts have moved to electronic case management systems and e-filing, has been referred to as "processing."

**ANSWER:** Paragraph 40 of the Complaint contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

41. In addition to Minnesota, Courthouse News has also collected evidence showing that, in states where it covers the courts in person on a regular basis, there is a history of access to new civil actions upon receipt of the pleading regardless of whether court staff have completed clerical processing in every region of the United States—north (Michigan and Wisconsin), south (Alabama, Arkansas, Georgia, Louisiana, Tennessee, Texas, and Virginia), central (Colorado, Illinois, Nebraska, Ohio Oklahoma, and Utah), east (Connecticut, New Jersey, New York, Pennsylvania, and Vermont), and west (Alaska, Arizona, California, Hawaii, Nevada, Oregon, and Washington). This evidence "demonstrate[es] that there is a long history of courts making complaints available to the media and the public soon after they are received"—"rather than after it is 'processed'"—"regardless of whether such courts use paper filing or e-filing systems." *Courthouse News Serv. V. Planet*, 2016 WL 4157210, at *12-13 (C.D. Cal. May 26, 2016).

**ANSWER:** Defendants presently lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph of 41 of the

Complaint, and on that basis, deny them. The second sentence of paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the judicial opinion cited in the second sentence of paragraph 41 of the Complaint speaks for itself, and deny the allegations to the extent inconsistent therewith.

42. "Logical considerations also support a presumption of public access." *Bernstein,* 814 F.3d at 141.

**ANSWER:** Paragraph 42 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that the judicial opinion cited in Paragraph 42 of the Complaint speaks for itself, and deny the allegations to the extent inconsistent therewith.

43. The First Amendment right of access exists to enable free and informed discussion about governmental affairs, which includes ongoing judicial proceedings. Courthouse News facilitates those important discussions by covering courts on a daily basis and seeking timely access to newly filed civil action in order to report on their contents.

**ANSWER:** The first sentence of paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the provisions of the First Amendment speak for themselves, and deny the allegations to the extent inconsistent therewith. The second sentence of paragraph 43 contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

44. The filing of a lawsuit invokes the authority of the courts, and the American people have a First Amendment right to know that a plaintiff has invoked that power to resolve a dispute and achieve a personal end. The complaint is the basis for the dispute and plays a significant role throughout all phases of the litigation.

**ANSWER:** The first sentence of paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the provisions of the First Amendment speak for themselves, and deny the allegations to the extent inconsistent therewith. The second sentence of paragraph 44 contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

45. Public access to the complaint allows the public to supervise the judicial process by allowing the public to know the parties to the dispute, the alleged facts, the issues for trial, and the relief sought. Public access to the complaint also allows the public to understand the activity of the courts, enhances the accountability of the court system, and informs the public of matters of public concern. When a complaint is withheld from the public, it leaves the public unaware that a claim has been levelled and that state power has been invoked.

**ANSWER:** Paragraph 45 of the Complaint contains argument of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever, and state further that Plaintiff's primary audience is lawyers and law firms, not the general public.

46. Where the qualified First Amendment right of access attaches to a particular court process or document, as it does with new civil complaints, the right attaches upon the court's receipt of the document, and the press and public generally have a right of contemporaneous access. *See, e.g., New Mexico Admin. Off. Of the Cts.,* 53 F.4th at 1269 ("[A] necessary corollary of the right to access is a right to timely access."); *Planet III*, 947

F.3d at 588, 591 (holding the qualified right of access to newly filed civil actions attaches when the lawsuit is filed, *i.e.*, when it is received by the court); *Courthouse News Serv. v. Jackson*, 2009 WL 2163609, at *4 (S.D. Tex. July 20, 2009) ("In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous."); *Courthouse News Serv. v. Tingling,* 2016 WL 8505086, at *1 (S.D.N.Y. Dec. 16, 2016).

**ANSWER:** Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny paragraph 46 of the Complaint, state further that the judicial opinions cited therein speak for themselves, and deny the allegations to the extent inconsistent with these opinions.

47. Turning to the second analytical step of a claim alleging a violation of the First Amendment right of access, after the court determines the right of access attaches to a particular record or proceeding, a presumption of access arises that may be restricted only if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprises II*, 478 U.S. at 13-14; *accord Planet III*, 947 F.3d at 596; *Bernstein*, 814 F.3d at 144; *Schaefer*, 440 F. Supp. 3d at 559-60. Here, Defendants' policies are not essential to preserve higher values and are not narrowly tailored.

**ANSWER:** The first sentence of paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that the judicial opinions cited in the first sentence of paragraph 47 of the Complaint speak for themselves, and deny the allegations to the extent inconsistent therewith. Defendants deny the second sentence of paragraph 47 of the Complaint.

48. Since Minnesota's adoption of e-filing, access delays have become pervasive. Unlike most federal district courts and many state courts, Minnesota state courts do not make newly filed complaints available upon e-filing with the court. Instead, they effectively seal the complaints while they sit in a database, allowing access only after court staff have processed them and placed them in the public docket. As a direct result, for the period of January 1, 2023, to March 31, 2023, Courthouse News' tracking shows that the Hennepin County District Court withheld roughly half of new civil complaints from the

public for a period of between one and three days, at times longer. For the period of January 1, 2023, to March 31, 2023, Courthouse News' tracking shows that the Ramsey County District Court withheld roughly three quarters of new civil complaints from the public for a period of between one and three days, at times longer.

**ANSWER:** Defendants deny the first and second sentences of paragraph 48 of the Complaint. Answering the third sentence of paragraph 48 of the Complaint, Defendants admit only that per the Minnesota Supreme Court Order dated December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams." Defendants deny the fourth and fifth sentences of paragraph 48 of the Complaint and state further that: (1) of the 63,172 civil complaints filed in the Fourth Judicial District between January 1 and March 31, 2023, 84.1% were publicly available within 24 hours and 98.2% were publicly available within 48 hours; and (2) of the 10,472 civil complaints filed in the Second Judicial District between January 1 and March 31, 2023, 98.1% were publicly available within 24 hours and 100% were publicly available within 48 hours.

49. The delays in access experienced by Courthouse News at the Hennepin and Ramsey County District Courts, and throughout Minnesota state courts, are unnecessary and easily avoidable. Courts across the nation—including the U.S. District Court for Minnesota—provide the press and public timely access to new e-filed civil actions through means readily available to Defendants.

**ANSWER:** Defendants deny the first sentence of paragraph 49 of the Complaint. Defendants presently lack knowledge or information sufficient to form a belief as to the

truth of the allegations in the second sentence of paragraph 49 of the Complaint, and on that basis, deny them.

50. Historically, before e-filing, reporters covering the courts could review and report on newly filed, paper civil complaint on the day of filing by looking at them at the courthouse at any time during the day. As was the case at the Hennepin and Ramsey County District Courts, this access generally occurred via a bin or box available to the press, and often the public, right after they crossed the counter. Federal courts throughout the nation commonly kept a polished, wooden box on the intake counter where new complaints were placed right after they crossed the counter. In this Court, reporters requested newly filed complaints from a clerk who provided access to new paper complaints as soon as they crossed the counter.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 50 of the Complaint, and on that basis, deny them. Answering the second sentence of paragraph 50 of the Complaint, Defendants admit only that members of the media were previously able to review paper copies of civil filings onsite at the Hennepin County Government Center and the Ramsey County District Court. Defendants deny all remaining allegations in paragraph 50 of the Complaint.

51. Compared to the paper era, providing timely access in an e-filing court is even easier. An e-filed complaint is simply a .pdf document that can be downloaded and viewed. Nothing prevents a reporter from reviewing a new complaint before it is processed by a clerk, nothing prevents a clerk from processing a complaint at the very moment members of the press or public are reading it, and nothing prevents a clerk from processing a complaint after review by the press or public, when the clerk's schedule permits.

**ANSWER:** Paragraph 51 of the Complaint contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

52. Moreover, courts can automatically segregate confidential filings based on designations made by the filer in the e-filing interface. E-filers in Minnesota Courts are required to designate certain documents as confidential, non-public, or under seal prior to filing. *See* Minn. Gen. R. Prac. 14.06(a) ("[A] Registered User electronically filing a document that is not accessible to the public in whole or in part…is responsible for designating that document as confidential or sealed in the E-Filing System before transmitting it to the court. This designation is made in the E-Filing system…."); *id.* 11.03 (a) ("Every person filing non-public documents with the court in public case types is solely responsible for identifying and designating them as non-public.") As was the case in the paper world, access in e-filing courts is delayed only if courts withhold new civil actions until after court staff complete administrative processing. Because most courts do not complete these clerical tasks for all the day's new civil actions on the day of filing, the result of a no-access-before-process policy is to prevent the press from learning about a substantial percentage of new civil actions until at least the day after filing, at which point the information is old news and less likely to capture the public's attention.

**ANSWER:** Defendants deny the first sentence of paragraph 52 of the Complaint. Answering the second sentence of paragraph 52 of the Complaint, Defendants state that the General Rules of Practice for the District Courts speak for themselves, and deny the allegations to the extent inconsistent therewith. The remaining allegations in paragraph 52 of the Complaint are arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

53. Processing new complaints is not the problem. All e-filing courts must conduct some administrative processing of new complaints. Delays happen when a court withholds new complaints from the press and public until after processing is complete.

**ANSWER:** Paragraph 53 of the Complaint contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

54. Courts that provide access as e-filed complaints are received, regardless of whether court staff have completed clerical processing, include nearly all federal district courts and state courts in Alabama, Arizona, California (nearly all e-filing courts, covering 85% of the state's population), Connecticut, Florida, Georgia (courts in Atlanta metropolitan area), Hawaii, Nevada (in the state's biggest court in Las Vegas), New York, Texas (Austin), Utah, Vermont, and Washington (Tacoma). These courts provide this access in various ways, all of which are available to Defendants.

**ANSWER:** Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 54 of the Complaint, and on that basis, deny them. Defendants deny the second sentence of paragraph 54 of the Complaint.

55. Courts, like those identified above, that do not withhold public access for processing allow new civil actions to be read and reported when they are received by the court—when the new action is still newsworthy and capable of commanding public attention—as reporters did in the Hennepin County District Court and Ramsey County District Court in the paper past.

**ANSWER:** Paragraph 55 of the Complaint contains arguments of counsel to which no response is required. To the extent a response is deemed necessary, Defendants deny that they have violated Plaintiff's First Amendment rights in any manner whatsoever.

56. Courthouse News has asked Defendants to change their policies and practices to allow for access to new complaints upon receipt, explaining that they could do so using technology readily available through Minnesota's e-filing provider, Tyler Technologies. Through letters dated August 30, 2022, Courthouse News asked Defendants to stop denying public access to new e-filed complaints until after they have been processed by court staff and informed Defendants of alternatives commonly used in e-filing courts across the country. *See* Ex. A, August 30, 2022 Letter to Jeff Shorba; Ex. B, August 30, 2022 Letter to Sara Gonsalves; Ex. C, August 30, 2022 Letter to Heather Kendall. Courthouse News sent a follow-up letter to Defendant Jeff Shorba on October 13, 2022. *See* Ex, D, October 13, 2022 Letter to Jeff Shorba. Defendants have not answered those letters. Defendants continue to withhold access to new e-filed complaints until after processing. As a result, Courthouse News continues to experience significant delays in

gaining access to new civil complaints e-filed in the Hennepin County District Court and Ramsey County District Court.

**ANSWER:** Answering the first, second, and third sentences of paragraph 56 of the Complaint, Defendants state that the letters referenced therein speak for themselves. Defendants admit the fourth sentence of paragraph 56 of the Complaint. Answering the fifth sentence of paragraph 56 of the Complaint, Defendants admit only that per the Minnesota Supreme Court Order dated December 20, 2022, in the matter styled *In re Rules of Public Access to Records of the Minnesota Judicial Branch*, No. ADM10-8050, "documents submitted to the district court for filing in public case types must not be made accessible to the public unless and until the documents are accepted into a court file and appropriately classified for public access by court administration document teams." Defendants deny the sixth sentence of paragraph 56 of the Complaint and further deny all remaining allegations in paragraph 56 of the Complaint.

57. Courthouse News incorporates the allegations of Paragraphs 1-56 herein.

**ANSWER:** Defendants restate, reallege, and incorporate by reference their responses to paragraphs 1 through 56 of the Complaint.

58. Defendants' actions under color state law, including without limitation their policies and practices of withholding newly filed, non-confidential civil complaints from press and public view until after administrative processing, and the resulting denial of timely access to new civil complaints upon receipt for filing, deprives Courthouse News and by extension its subscribers, of their right of access to public court records secured by the First Amendment to the United States Constitution.

**ANSWER:** Defendants deny paragraph 58 of the Complaint.

59. The qualified First Amendment right to access new civil complaints filed in the Hennepin County District Court and the Ramsey District Court arises the moment those complaints are filed, and access may be restricted only if the restriction is essential to preserve an overriding government interest and is narrowly tailored to serve that interest. For Defendants' policies and practices to survive *Press-Enterprise II's* two-prong balancing test, Defendants "must demonstrate that (1) 'there is a "substantial probability' that [an overriding government interest] would be impaired by immediate access'; and (2) ' no reasonable alternatives exist to "adequately protect" that government interest.'" *New Mexico Admin. Off. Of the Cts*., 53 F.4th at 1270. Defendants cannot satisfy either prong of this test with respect to the policies and practices alleged in this Complaint.

**<u>ANSWER</u>:** Defendants deny paragraph 59 of the Complaint.

60. Courthouse News has no adequate remedy at law to prevent or redress Defendants' unconstitutional actions, and will suffer irreparable harm as a result of Defendants' violation of its First Amendment rights. Courthouse News is therefore entitled to a declaratory judgment and a preliminary and permanent injunction to prevent further deprivation of the First Amendment rights guaranteed to it and its subscribers.

**<u>ANSWER</u>:** Defendants deny paragraph 60 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff has failed to join an indispensable party.

3. Defendants are not proper parties.

4. Plaintiff's claim is barred in whole or in part by immunity doctrines.

5. Plaintiff lacks standing to pursue a claim against Defendants.

6. Plaintiff has suffered no actual harm.

7. Defendants reserve the right to assert additional defenses as may be established by the facts of this case.

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff take nothing and its cause of action be dismissed with prejudice on the merits;

2. That Defendants be awarded, pursuant to applicable law, their costs, disbursements, and reasonable attorney fees incurred in defending this action; and

3. Such other relief deemed just and proper.

Dated: October 19, 2023

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

s/ Jeff Timmerman
Jeff Timmerman
Assistant Attorney General
Atty. Reg. No. 0352561

445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 583-7660 (Voice)
(651) 282-5832 (Fax)
jeffrey.timmerman@ag.state.mn.us

ATTORNEY FOR DEFENDANTS

|#5571636-v1